UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CAROLE BULL, Personal Representative of the
ESTATE OF TERRANCE A. BULL,

        Plaintiff,                              Case No. 1:09-cv-0049

v.                                             HON. JANET T. NEFF

SARA LEE CORPORATION,
SARA LEE CORPORATION GROUP
INSURANCE PLAN, and
SARA LEE CORPORATION EMPLOYEE
BENEFITS ADMINISTRATIVE COMMITTEE,

        Defendants.

_____/


## OPINION

      Plaintiff, Personal Representative of the Estate of Terrance A. Bull, filed suit under the

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461, against

Defendants Sara Lee Corporation, Sara Lee Corporation Group Insurance Plan, and Sara Lee

Corporation Employee Benefits Administrative Committee.[1]   Pending before the Court is

Defendants' Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) on the basis that Plaintiff's

complaint is time-barred (Dkt 20).  Plaintiff has filed a response (Dkt 23), and Defendants  have

filed a reply (Dkt 24).  Having reviewed the parties' written submissions and accompanying

exhibits, the Court finds that the relevant facts and arguments are adequately presented in these

---

[1]Plaintiff filed a Stipulation to dismiss Aetna Life Insurance Company as a defendant, which
the Court approved on April 14, 2009 (Dkt 12).

materials and that oral argument would not aid the decisional process.  See W.D. Mich. LCivR 7.2(d).  For the reasons discussed herein, the Court grants Defendants' motion.

## I.  BACKGROUND

Terrance A. Bull worked at the Defendant Sara Lee Corporation's Traverse City, Michigan pie factory on an intermittent basis for over 28 years (Compl. ¶ 17).  His employment was intermittent because Sara Lee routinely laid off a portion of its employees after each season's fruit harvest and pie-making was complete (*id.* ¶ 21).  Bull had an ERISA-governed benefit plan ("Plan") from Defendant Sara Lee that provided, among other benefits, optional life insurance coverage (*id.* ¶ 20). The Plan contains an amendment to Subsection 4.4, effective January 1, 2006, which provides that

> A Covered Employee's coverage under the Plan will continue during an authorized unpaid leave of absence up to a maximum period of six (6) months commencing on the date the Covered Employee commences the unpaid leave of absence, provided the Employee timely pays the applicable premium for coverage under the Plan, if any, when due.

On November 16, 2005, Bull became eligible and elected to go on voluntary lay off during the winter of 2005-2006.  Bull's layoff began on December 5, 2005, and he was recalled and scheduled to report to work on Friday, May 19, 2006 (*id.* ¶ 39).  However, since Bull had requested and received approved vacation leave from May 17-19, 2006, he planned to report the following week (*id.* ¶¶ 36-41).

On Sunday, May 21, 2006, Bull died of a heart attack (Compl. ¶ 17).  Plaintiff, Bull's wife, was named the Personal Representative of his estate.  On December 4, 2006, Plaintiff made a formal claim to the Plan for life insurance benefits, which was denied.  Plaintiff subsequently submitted a claim appeal to the Appeal Committee.  After considering the claim appeal, the Appeal Committee

indicated in its April 12, 2007 letter to Plaintiff that her claim was denied (1) because the decedent was not "actively at work" at the time he died, and (2) because he had not paid the full amount of his premiums for continued life insurance coverage while on lay-off prior to his death (*id.* ¶ 45). The Appeal Committee also notified Plaintiff that under the Plan's terms, she had 90 days after the Committee's denial to file suit under ERISA to challenge its decision. The 90-day limitations period of the Plan provides the following:

> After exhaustion of the Plan's claims procedures, any further legal action taken against the Plan or its fiduciaries by a Covered Person (or other claimant) for benefits under the Plan must be filed in a court of law no later than 90 days after the Appeal Fiduciary's, or its delegate's, final decision regarding the claim.

On January 20, 2009, over twenty-one months after her claim was denied, Plaintiff filed a complaint against Defendants. Plaintiff's three-count complaint alleges (I) a wrongful denial of benefits claim pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B); (II) a breach of fiduciary duty claim pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and (III) an equitable estoppel claim. In support of the § 502(a)(1)(B) claim, Plaintiff alleges that the discontinuation of the decedent's life insurance coverage, without prior written notice, violated the terms of the Plan (Compl. ¶ 51). In support of the § 502(a)(3) claim, Plaintiff alleges that Defendants, pursuant to ERISA § 404(a), 29 U.S.C. 1104(a), breached their fiduciary duty to discharge their duties with respect to the Plan solely in the interest of the Plan participants and their beneficiaries (*id.* ¶ 74). Specifically, Plaintiff alleges that Defendants failed to consider the Plan's Subsection 4.4 amendment in denying Plaintiff's claims. Finally, Plaintiff requests that the Court exercise its equitable enforcement powers to estop Defendants from enforcing the 90-day limitations period in the Plan (*id.* ¶ 96).

Defendants proposed filing the instant motion to dismiss on the basis that Plaintiff's complaint is time-barred (Dkt 5). Following a pre-motion conference on May 12, 2009, the Court issued a briefing schedule, permitting the parties to brief the dispositive question (Dkt 15).

On July 7, 2009, Plaintiff amended her complaint because the monetary relief sought by Counts II and III of Plaintiff's original complaint essentially sought the same relief sought in Count I, namely, the benefits under the Plan. Plaintiff's amended complaint added requests for two forms of equitable relief to Counts II and III: (i) a preliminary and permanent injunction enjoining Defendants from enforcing the 90-day limitations period provision; and (ii) rescission of the 90-day limitations period provision from the Plan (Am. Compl. ¶ 98).

## II. DISCUSSION

### A. Motion Standard

Defendants move to dismiss Plaintiff's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, FED. R. CIV. P. 12(b)(6), contending that Plaintiff's complaint fails to state a claim upon which relief can be granted because the claims are barred by the governing limitations period. In deciding whether to dismiss a claim under Rule 12(b)(6), the court must accept the plaintiff's factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive dismissal, the complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557, 570 (2007)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. The determination that

a complaint was filed outside of the applicable limitations period is a conclusion of law. *CMACO Auto. Sys., Inc. v. Wanxiang America Corp.*, 589 F.3d 235, 242 (6th Cir. 2009).

## B. Analysis

### 1. Plan's 90-day Limitations Period

Defendants assert that Plaintiff's entire complaint must be dismissed with prejudice because it is time-barred under the Plan's unambiguous 90-day limitations period. ERISA does not provide a statute of limitations for suits brought under § 502(a)(1)(B) to recover benefits. Therefore, courts usually borrow the most closely analogous state limitations period. *See Meade v. Pension Appeals & Rev. Comm.*, 966 F.2d 190, 194-95 (6th Cir. 1992). However, choosing which statute to borrow is unnecessary when the parties have contractually agreed on a limitations period and that limitations period is "reasonable." *Med. Mut. of Ohio v. k. Amalia Enter. Inc.*, 548 F.3d 383, 390 (6th Cir. 2008) (citing *Morrison v. Marsh & McLennan Cos.*, 439 F.3d 295, 301-03 (6th Cir. 2006); *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998); *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 875 (7th Cir. 1997)); *Clark v. NBD Bank, N.A.*, 3 F. App'x 500, 503-04 (6th Cir. 2001).

In *Northlake*, the Eleventh Circuit held that a 90-day limitations period in an ERISA plan was reasonable. However, the court stated that it did "not mean to suggest that a 90-day limitations period will always be reasonable, nor do we mean to suggest a shorter period will ever be reasonable." *Northlake*, 160 F.3d at 1304. The court focused on three facts in reaching its conclusion that the period was reasonable. First, the court found no evidence that the 90-day period was a subterfuge to prevent lawsuits. *Id.* at 1304. The court also noted the plan was funded by employee and employer contributions and did not exist to make a profit, unlike an insurance

company. *Id.* Second, the plan contained similar restrictions on its own actions, and the 90-day limit was commensurate with other provisions in the plan designed to timely process claims. *Id.* Finally, the court found that the time required by the plan's internal appeals process (ten months) plus the additional ninety days of the limitations period provided an adequate opportunity for the plaintiff to investigate its claim and file suit. *Id.*

In *Doe,* the Seventh Circuit observed that claims alleging improper denial of benefits under ERISA § 502(a)(l)(b), 29 U.S.C. § 1132(a)(l)(B), are essentially claims for review of an administrative decision, which do not entail development of a factual record. 112 F.3d at 875. "A suit under ERISA, following as it does upon the completion of an ERISA-required internal appeals process, is the equivalent of a suit to set aside an administrative decision, and ordinarily no more than 30 or 60 days is allowed within which to file such a suit." *Id.*

Plaintiff nonetheless contends that the 90-day limitations period in the Plan at bar is unreasonable under the circumstances of this case. Plaintiff emphasizes that she lacked counsel throughout the appeals process, pointing out her inability to discover the Subsection 4.4 amendment provision that purportedly would have extended coverage under the Plan (Dkt 23 at 9). Plaintiff also references her lack of knowledge, clinical depression, and Defendants' superior resources as reasons warranting the Court's decision that the contractual limitations period is unreasonable (*id.* at 12, 14).

The fact that a party was unrepresented by counsel was not a dispositive factor in the cases relied on by Defendants, and Plaintiff cites no authority for the proposition that the fact is dispositive to this Court's reasonableness inquiry. Rather, as in *Northlake,* there is no evidence presented in this case that the 90-day period is a subterfuge to prevent lawsuits. Defendants gave Plaintiff ample notice of the limitations period at the time of the denial, and the internal appeals process gave

Plaintiff adequate time to file suit. Plaintiff initiated the internal review process on December 4, 2006, and the final determination on her claim was not made until four months later on April 12, 2006. Plaintiff then had another 90 days in which to file her lawsuit, which the Court finds is reasonable, despite Plaintiff's arguments to the contrary.

To avoid the limitations period, Plaintiff contends that the two-year discovery rule should be applied to toll the 90-day period (Dkt 23 at 10). Specifically, Plaintiff argues that a cause of action did not accrue until the discovery of Defendants' failure to apply the Subsection 4.4 amendment to Plaintiff's original claim for benefits (*id.*).

Defendants respond that Plaintiff's benefits claims accrued when the administrative appeal claim was denied (Dkt 24 at 7). Generally, the rule governing when a cause of action accrues under ERISA is the "clear repudiation" rule. *Morrison*, 439 F.3d at 302. The "clear repudiation" rule provides that when a fiduciary gives a claimant clear and unequivocal repudiation of benefits, that repudiation alone is adequate to commence accrual, regardless of whether the repudiation is formal or not. *Id.* Applying the "clear repudiation" rule here, Defendants are correct that Plaintiff's claims accrued on April 12, 2007, when she received final denial of her benefits claim.

Defendants also point out that, even if the discovery rule were applied, Plaintiff's discovery of her claims occurred in August 2008, over five months before Plaintiff's complaint was filed (Dkt 24 at 8). Under the discovery rule, a claim accrues when the plaintiff discovers, or in the exercise of due diligence should have discovered, the injury that forms the basis for her claim. *See Med. Mut. of Ohio*, 548 F.3d at 391. Plaintiff received documents, including the Plan's Subsection 4.4 amendment, on or about August 20, 2008. On October 3, 2008, Plaintiff's counsel notified Defendants of the failure to consider the amendment to Subsection 4.4. Applying the discovery rule,

while also giving the benefit of the doubt to Plaintiff, the latest date on which a claim could have accrued was October 3, 2008, which is still over 90 days before Plaintiff's complaint was filed. Therefore, even if the discovery rule were to toll the limitations period, Plaintiff failed to file her complaint within 90 days.

In light of the Court's determination that the 90-day limitations period is reasonable, and because Plaintiff failed to file within the 90-day limitations period, Plaintiff's § 502(a)(1)(B) claims in Count I fail to state a claim under Rule 12(b)(6) because they are time-barred. In addition, even if Counts II and III are not similarly time-barred, the analysis, *infra,* provides independent grounds for their dismissal.

### 2. Breach of Fiduciary Duty under ERISA Section 502(a)(3)

Plaintiff alleges in Count II of her complaint that Defendants violated their fiduciary duties under § 404(a), 29 U.S.C. § 1104(a), when they improperly denied coverage. Specifically, Plaintiff points to Defendants' failure to consider Amendment 4.4 of the Plan. Plaintiff brings Count II under the catch-all provision of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Plaintiff seeks the equitable remedies of (i) a permanent injunction enjoining Defendants from enforcing the 90-day limitations period, and (ii) rescission of the 90-day limitations period in the Plan. Moreover, Plaintiff asserts that the three- and six-year statutory periods under ERISA § 413, 29 U.S.C. § 1113,[2] should apply to Count II (Dkt 23 at 8).

Defendants argue that Plaintiff is barred from pursuing equitable relief under § 502(a)(3) because Plaintiff's breach-of-fiduciary-duty claim "was nothing more than a repackaged denial of

---

[2]The statute of limitations provided by 29 U.S.C. § 1113 applies only to suits brought to redress a fiduciary's breach of its responsibilities, duties, or obligations under ERISA. *Med. Mut. of Ohio*, 548 F.3d at 391.

benefits claim," similar to the type of repackaged claim warned about in *Varity Corp. v. Howe*, 516 U.S. 489, 506-515 (1996), and determined to be barred in *Wilkins v. Baptist Healthcare Sys. Inc.*, 150 F.3d 609, 615 (6th Cir. 1998) (Dkt 21 at 11-14).

Plaintiff concedes that the monetary relief sought by Count II in her original complaint was nothing more that a repackaged denial of benefits claim (Dkt 23 at 14-15). However, Plaintiff argues that the equitable relief sought in the amended complaint saves Count II from dismissal (*id.*).

In *Varity*, *supra*, the Supreme Court held that where a fiduciary violates its duty to the individual under the terms of the plan, ERISA § 502(a)(1)(B) provides a private cause of action for the plan participant or beneficiary to "recover benefits due to him under the terms of the plan," and to "enforce his rights under the terms of the plan." 516 U.S. at 512. The Supreme Court also held that § 502(a)(3) affords participants and beneficiaries a remedy for breach of fiduciary duty where no other adequate remedy is available under ERISA. 516 U.S. at 506-15. "Where Congress has elsewhere provided means to adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case [§ 502(a)(3)] relief normally would not be appropriate." *Id.* at 515. The Supreme Court made clear that § 502(a)(3) provides solely equitable relief, not "monetary relief dressed in equitable clothing." *Asgaard v. Administrator, Pension Plan for Employees of Cleveland-Cliffs, Inc.,* No. 2:06-cv-00063, 2007 WL 3244088, at *5 (W.D. Mich. Oct. 31, 2007). "'[M]oney damages are, of course, the classic form of legal relief.'" *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002) (quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 255 (1993)).

In *Wilkins*, *supra*, the Sixth Circuit held that § 502(a)(3) is a "catch-all provision" that does not apply when a plaintiff is capable of pursuing relief under any other portion of § 502. 150 F.3d

at 615.  In particular, the *Wilkins* panel concluded that a plaintiff has no claim under § 502(a)(3) when he or she is capable of pursuing relief under § 502(a)(1)(B) to challenge a plan administrator's denial of a claim for benefits.  *Id.*  The court also concluded that a § 502(a)(3) claim may not be maintained where it is essentially a repackaged claim for benefits under § 502(a)(1)(B).  *Id.* at 613 n.2.

The Sixth Circuit Court of Appeals re-affirmed this rule in *Tackett v. M & G Polymers*, 561 F.3d 478 (6th Cir. 2009).  In *Tackett*, the plaintiffs' ERISA § 502(a)(3) claim for breach of fiduciary duty requested the recovery of health benefits due under the plan (including monetary damages), a declaration of their rights to health benefits under the plan, and an injunction prohibiting the plan administrator from modifying or terminating retiree health benefits in the future.  *Id.* at 492.  In affirming the district court's dismissal, the Court of Appeals stated, "[a]ll of these remedies are cognizable under § 502(a)(1)(B)."  *Id.* (citing *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)).  The Court of Appeals therefore concluded that "[b]ecause § 502(a)(1)(B) fully provides a means for the relief sought by the . . . [p]laintiffs, further equitable relief pursuant to § 502(a)(3) is unavailable."  *Id.*

In the present case, the Court agrees with Defendants that Plaintiff's claim of breach of fiduciary duty is properly characterized as a claim to recover benefits due under the terms of the Plan and to enforce rights under the terms of the Plan.  Plaintiff essentially asks for monetary relief dressed in equitable clothing.  Moreover, Plaintiff had a remedy under the other provisions of § 502.  *See Varity*, 516 U.S. at 515.  Specifically, § 502(a)(1)(B) provided a remedy for Plaintiff's alleged injury.  Plaintiff therefore "does not have a right to a cause of action for breach of fiduciary duty pursuant to § 502(a)(3)."  *See Wilkins*, 150 F.3d at 615.  Plaintiff's breach-of-fiduciary-duty-claim

is nothing more than a repackaged denial-of-benefits claim, precisely the type of repackaged claim expressly rejected by the Supreme Court in *Varity* and the Sixth Circuit in *Wilkins* and *Tackett*.

In conclusion, even if Plaintiff's breach-of-fiduciary-duty claim in Count II were not barred by the application of the Plan's 90-day limitations period, it would still be subject to dismissal for failure to state a claim under Rule 12(b)(6) because it is improperly duplicative of Plaintiff's denial of benefits claim in Count I.

### 3. Equitable Estoppel

In Count III, Plaintiff asks this Court to exercise its equitable enforcement powers to estop Defendants from enforcing the 90-day limitations period. Similar to Count II, Count III requests the equitable relief of: (i) a preliminary and permanent injunction enjoining Defendants from enforcing the 90-day limitations period; and (ii) partial rescission of the 90-day limitations period in the Plan. Also similar to Count II, Plaintiff argues that her amended claims under Count III survive because they do not seek money damages (Dkt 23 at 14-15).

Defendants argue that Plaintiff's equitable estoppel claim ultimately seeks to recover the same relief in Count III as she seeks in Counts I and II, namely, the benefits to which Plaintiff believes she was wrongly denied (Dkt 21 at 15-16; Dkt 24 at 9-10). Defendants contend that this relief is provided under ERISA § 502(a)(1)(B). Moreover, Defendants argue that rescission and injunctive relief are not remedies permitted under ERISA and do not properly qualify as relief for Plaintiff's claims (Dkt 24 at 9-10).

In *Doe*, *supra*, the Seventh Circuit observed that "the applicability of estoppel principles in ERISA cases is controversial because ERISA forbids the conferral of benefits other than in

accordance with the written ERISA plan." 112 F.3d at 875. In assessing the applicability of a
shorter limitations period in an action to recover benefits, a district court similarly noted that

> [a]bsent a finding of unconscionability of this shorter period, it would be anomalous
> for this Court to allow plaintiff to maintain an action to recover a benefit which was
> created by and exists solely because of the regulations of the Plan, while at the same
> time to deny effect to the conditions those same regulations place upon receipt of that
> benefit.

*Scheirer v. NMU Pension & Welfare Plan*, 585 F. Supp. 76, 79 (S.D.N.Y. 1984).

As with this Court's analysis of Count II, it is difficult to construe Plaintiff's requests for
equitable relief in Count III as anything other than a repackaged claim for benefits. Plaintiff's
requests for equitable relief would deny effect of the Plan's 90-day limitations period. "[C]ourts
should not be too quick to invoke the doctrine of equitable estoppel to prevent a defendant from
asserting an otherwise valid statute of limitations defense." *Hardcastle v. Harris*, 170 S.W.3d 67,
87 (Tenn. Ct. App. 2004). Statutes of limitations are favored because they promote the timely
pursuit of legal rights by suppressing stale claims, while estoppels are not favored when they prevent
parties from asserting claims or defenses to which they would otherwise be entitled. *Id.* (citing
*Brown v Hipshire*, 553 S.W.2d 570, 571 (Tenn. 1977)). In light of the Court's determination that
the 90-day limitations period in the Plan is reasonable, injunctive relief from and partial rescission
of the limitations period would not be appropriate. The Court cannot rely on its own ingenuity to
fashion a remedy for Plaintiff to bypass Defendants' valid statute-of-limitations defense.

In summary, because Plaintiff's equitable estoppel claim ultimately seeks to recover the same
relief in Count III as she seeks in Counts I and II, and in light of the limited applicability of an
equitable estoppel under ERISA, Plaintiff's claims in Count III fail to state a claim under Rule
12(b)(6).

### III. CONCLUSION

Having determined that the Plan's 90-day limitations period is reasonable, and because Plaintiff failed to file within the 90-day period, Plaintiff's § 502(a)(1)(B) claims in Count I fail to state a claim under Rule 12(b)(6) because they are time-barred. Even if Counts II and III are not similarly time-barred, they are still subject to dismissal under Rule 12(b)(6) because there is no basis for either claim in this case. Defendants' Motion to Dismiss (Dkt 20) is therefore GRANTED.

An Order of Dismissal consistent with this Opinion will enter.


DATED: March 29, 2010                      /s/ Janet T. Neff
                                           JANET T. NEFF
                                           United States District Judge